IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Abdul M. Suda, #312596, ) | |
| ) | C.A. No. 3:09-1077-MBS |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| Warden Robert Stevenson, ) | |
| ) | |
| Respondent. ) | |

Petitioner Abdul Suda, appearing *pro se*, is in the custody of the South Carolina Department of Corrections. The case is currently before the court on Petitioner's a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, which was filed on April 24, 2009. On August 19, 2009, Respondent filed a return and motion for summary judgment. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), an order was issued on August 24, 2009, advising Petitioner of the summary judgment procedure and the possible consequences if he failed to respond adequately. On October 15, 2009, Petitioner responded to the motion for summary judgment. On October 26, 2009, Respondent filed a reply.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to the United States Magistrate Judge Joseph R. McCorery for pretrial handling. On November 12, 2009, the Magistrate Judge filed a Report and Recommendation. Petitioner filed objections to the Report and Recommendation on December 1, 2009.

**FACTS**

Petitioner was represented by David Schwacke, Esquire ("Schwacke") in a state criminal proceeding for robbing a convenience store in Berkeley County, South Carolina. The robbery

allegedly involved some sexual misconduct. During Petitioner's representation by Schwacke, Petitioner was examined by two doctors to determine the effect of a past automobile accident. *See* Guilty Plea Tr. 24:12-13; 25:1-7. The report of Dr. Bachman states that Petitioner reports to "spac[ing] out" and having no memory of performing activities during these times. Entry 12 at 15 (Report of Dr. Bachman 5/10/2005). Dr. Bachman's report states that Petitioner "shows significant deficits in executive/frontal function as well as visuospatial function." Entry 12 at 15 (Report of Dr. Bachman 5/10/2005). At the conclusion of his report, Dr. Bachman recommended that neuropsychological testing be performed on Petitioner. *Id.* Petitioner also underwent an MRI, the clinical findings of which, were uncertain. Entry 12, Ex. 1 at 89.

On November 17, 2005, Petitioner pleaded guilty to robbing the convenience store. At the guilty plea proceeding, the Petitioner detailed his criminal conduct and answered the questions of the trial court. There were, however, times during the guilty plea proceeding when the trial court had to ask Petitioner to repeat himself and Petitioner stated that he did not understand. *See* Guilty Plea Tr. 5:8-9, 21-23; 6:20-21; 6:21-22; 8:4-10; 9:1-6; 12:9. The transcript of the guilty plea proceeding demonstrates that Petitioner was capable of articulating when he did not understand something. *See* Guilty Plea Tr. 5:8-13; 5:16-6:19.

During the plea colloquy, Petitioner stated: "I was advised to take - take the - the plea bargain," but also stated that he wanted to take his "chance on the mercy of the court." Guilty Plea Tr. 6:1-2, 17-19. Petitioner also stated: " I plead guilty" and indicated that he was in fact guilty. Guilty Plea Tr. 7:7-9. Petitioner indicated that no one had made him any promises with regard to his sentence, that he did not want a jury trial, and that he was actually guilty of the offense charged. Guilty Plea Tr. 13:1-14:20. The trial court accepted Petitioner's guilty plea as knowing and

voluntary. Guilty Plea Tr. 13:1-14:20.

During the plea proceeding, the brother of the victim of the crime heard for the first time that Petitioner forced his sister to strip and commit a sexual act on herself. The brother became upset and stated that had he known, he would have "hunt[ed] [Petitioner] down." Guilty Plea Tr. 21:12-13. At this time, a conference was held off the record. Subsequently, the victim's brother indicated that Petitioner should be put to death for his crime. Guilty Plea Tr. 22:7-8. After these statements were made, the trial court took a brief recess. There was no request for a continuance of the sentencing at another time. Petitioner was sentenced to a prison term of twenty-five years for his crime.

Petitioner did not file a direct appeal. On March 1, 2006, Petitioner filed an application for post-conviction relief ("PCR"), which was later supplemented with a memorandum of law. Petitioner raised the following issues in his application:

1. That the Petitioner's prior counsel failed to communicate with Petitioner the difference between a guilty plea and a plea bargain. That Petitioner's testimony at the time of the sentencing hearing indicated specifically that he thought that he was entering a plea bargain.

2. The Petitioner's prior counsel failed at the time of the guilty plea by not providing adequate information to the sentencing judge necessary for the judge to make a determination as to whether the plea was being entered in "knowing and voluntary" manner by the withholding of the reports and medical examinations relevant to the petitioner's ability to understand and communicate.

3. That the petitioner's difficulties with communication were noted by the sentencing judge but not acted upon to insure Petitioner's understanding of the process.

4. Petitioner's previous trial counsel failed to request a competency hearing even with medical reports which may, with further testing, have supported a competency defense.

5. That Petitioner's prior counsel failed to present the medical reports showing that the Petitioner suffered from blackouts due to a prior accident which during periods of time the petitioner experienced uncontrolled and unremembered behavior due to a

    possible neurological difficulty and condition in mitigation of sentencing.

 6. That Petitioner's prior counsel failed to move for a continuance in the sentencing hearing after an extreme emotional outburst from other witnesses and parties in the courtroom, requiring the courtroom to be closed, to avoid any prejudice effect upon the Applicant.

Memoranda in Support of Application, Entry 12, Ex. 3.

  On May 29, 2007, an evidentiary hearing was held before the PCR court at which both Petitioner and Schwacke testified. Petitioner was represented during the PCR proceedings by Conrad L. Falkiewiez, Esquire. During the hearing, Petitioner indicated that his lawyer did not ask for a continuance after the outburst by the victim's brother. PCR Hr'g Tr. 11:25-12:2. This was the only discussion of a continuance that took place at the PCR hearing. Throughout the PCR hearing, Petitioner was able to answer the questions of both counsel and the court. *See, e.g.,* PCR Hr'g Tr. 5:16-6:1; 8:4-9:5; 11:1-24; 13:6-13; 24:21-26:1. On September 5, 2007, the PCR court denied Petitioner's application for PCR.

  On March 26, 2008, a *Johnson*[1] petition for writ of certiorari was filed through the South Carolina Commission on Indigent Defense. The petition raised the issue of whether Petitioner's defense counsel was ineffective in advising Petitioner that he would receive a sentence of only 10 to 12 years if he pleaded guilty. Petitioner, acting *pro se*, presented additional grounds for a finding of ineffective assistance of counsel. These issues were identical to the issues raised in Petitioner's application for PCR. On December 17, 2008, the South Carolina Supreme Court denied the petition for writ of certiorari. On January 5, 2009, the remittitur was returned.

  In his current petition, Petitioner alleges ineffective assistance of counsel based on four

---

[1]*Johnson v. State*, 364 S.E.2d 201 (S.C. 1988)

grounds:

1. Counsel failed to communicate with the applicant the difference between a guilty plea and a plea bargain.

2. Counsel failed to provide adequate information to the sentencing judge necessary for the judge to determine whether the plea was being entered knowingly and voluntarily by withholding reports and medical examinations relevant to Petitioner's ability to understand and communicate.

3. Applicant's counsel failed to move for a continuance in the sentencing hearing after an extreme emotional outburst from one of the witnesses in the courtroom.

4. Defense Counsel advised Petitioner that he would only receive 10 to 12 years if he pled guilty. Petitioner received 25.

Entry 1 at 6-11. In his response to Respondent's motion for summary judgment, Petitioner alleged that he was denied due process by the in-court outburst of the victims's brother and by the trial court's handling of examinations and reports by Dr. Melekian and Dr. Bachman. The Magistrate Judge recommended that Respondents' motion for summary judgment be granted and that the petition be dismissed without an evidentiary hearing. The Magistrate Judge also found that Petitioner's due process arguments were barred because they were not raised in state court

## DISCUSSION

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight and the responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination on any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge. 28 U.S.C. § 636(b)(1).

**I.      Standard of Review**

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  A fact is material if proof of its existence or nonexistence would affect the disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986).  There must be "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.* at 249-50.

**II.     Due Process Allegations**

Petitioner objects to the Magistrate Judge's finding that his due process claims are barred because they were not raised in state court.  Petitioner avers that his due process allegations were specifically presented to the PCR court at the evidentiary hearing.

"A federal court may not grant a writ of habeas corpus to a petitioner in state custody unless the petitioner first exhausted his state remedies by presenting his claims to the highest state court." *Baker v. Corcoran*, 220 F.3d 276, 288 (4th Cir. 2000).  This is because state courts must "be given the first opportunity to correct constitutional errors in criminal proceedings." *Id.*  Habeas petitioners are barred from presenting claims that could have been, but were not presented in their first state post-conviction relief application, absent a sufficient reason for the failure. *Ingram v. State of South Carolina*, 164 F.3d 624 (4th Cir. 1998) (citing S.C. Code Ann. § 17-27-90; *Aice v. State*, 409 S.E.2d 392, 393-94 (S.C. 1991)).

Petitioner's original application for PCR makes only ineffective assistance of counsel claims and makes no mention of any denial of due process.  Moreover, although the PCR court explored

the facts underlying Petitioner's due process claims, it did so solely to investigate Petitioner's ineffective assistance of counsel claims. At no point during the evidentiary hearing before the PCR court did Petitioner or his counsel indicate that Petitioner alleged violations of due process. Petitioner's PCR appeal to the South Carolina Supreme Court also did not allege any denials of due process. Because the state courts never had an opportunity to address these alleged denials of due process, the court finds that Petitioner's due process claims are barred.

### III. Petitioner's Difficulty Understanding and Communicating

Petitioner avers that the Magistrate Judge's Report and Recommendation was inconsistent in stating that Petitioner had difficulty understanding and communicating and while at the same time finding that Petitioner "adequately responded to the court's questions and fully understood the process." Entry 20 at 5. Petitioner further avers that the Magistrate Judge erred in not analyzing what specifically Petitioner did and did not understand when he pleaded guilty.

A petition for a writ of habeas corpus under § 2254 cannot be granted unless the state court decision was either 1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or 2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

Petitioner misapprehends the Magistrate Judge's findings in the Report and Recommendation. It was the PCR court that found that Petitioner had difficulty understanding and then concluded that Petitioner fully understood the guilty plea process. The Magistrate Judge merely found that the PCR court's findings with regard to Petitioner's ability to understand the guilty plea proceedings were based on a reasonable determination of facts. This court agrees.

This court must give "substantial deference" to the State court's findings of fact. *McKenzie v. Padula*, Civil Action No. 2:09-cv-01172-RBH, 2009 WL 4640642, *3 (D.S.C. 2009) (citing *Evans v. Smith*, 220 F.3d 306, 311-12 (4th Cir.2000)). The PCR court's finding that Petitioner, despite some difficulty communicating with the court, fully understood the guilty plea process is supported by the record. A reading of the trial transcript demonstrates that when Petitioner did not understand something, he told the trial court. *See* Guilty Plea Tr. 5:8-13; 5:16-6:19. Moreover, the record shows that Petitioner was able to respond cogently to the PCR court's questions, which further indicates that he understood the guilty plea proceedings. *See, e.g.,* PCR Hearing Tr. 5:13-6:8; 6:18-7:24; 10:9-11:24; 13:18-14:25; 15:17-17:16; 15:5-18; 22:12-24:20; 26:2-18.

## IV. Other Claims

Plaintiff does not object to any of the Magistrate Judge's other findings. In the absence of objections, this court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Nevertheless, the court has carefully reviewed the record and concurs in the Magistrate Judge's conclusion that the PCR court's decision in denying PCR was based upon the reasonable application of federal law and reasonable determinations of fact in light of the evidence presented.

## V. Certificate of Appealability

A certificate of appealability may issue under 28 U.S.C. § 2253(c)(1)(A) only if the applicant has made a substantial showing of the denial of a constitutional right. *Id.* at § 2253(c)(2). A habeas petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484

(2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). When a district court rejects "a habeas petitioner's constitutional claims on the merits, the petitioner, to obtain a certificate of appealability [], must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* Further, "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*.

Petitioner's due process claims have been denied on procedural grounds. Because none of these claims was raised before the state courts, the correctness of this procedural ruling is not debatable. Thus, the court denies Petitioner a certificate of appealability on this issue. The remainder of Petitioner's claims have been rejected on the merits. The gravamen of all of Petitioner's claims was that Petitioner received ineffective assistance of counsel in his guilty plea proceedings. The record clearly supports the conclusion that the factual findings made by the PCR court were reasonable. In addition, the PCR court reasonably applied federal law in determining that Petitioner has not shown that he was prejudiced by the actions of his counsel. For the reasons set forth herein above, the court concludes that Petitioner has not made a substantial showing of the denial of constitutional right. Therefore, the court denies Petitioner a certificate of appealability.

## CONCLUSION

The court adopts the recommendation of the Magistrate Judge. Based on the foregoing, the court **grants** Defendants' motion for summary judgment (Entry 47) and denies Petitioner a certificate of appealability.

**IT IS SO ORDERED.**

                                                    s/ Margaret B. Seymour
                                                   The Honorable Margaret B. Seymour
                                                   United States District Judge

January 26, 2010
Columbia, South Carolina